**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

_____ :
                                 :
SARAH LEWIS,                     :
                                 :
        Plaintiff,               :
                                 :                    Civil No.: 22-06275 (RBK-MJS)
        v.                       :
                                 :                    **OPINION**
BRETT DINOVI AND ASSOCIATES,     :
LLC, et al.,                     :
                                 :
        Defendants.              :
_____ :

**KUGLER**, United States District Judge:

    This is an employment discrimination case brought by Plaintiff Sarah Lewis against her

former employer, Defendant Brett Dinovi and Associates (BDA), and three individuals who held

supervisory authority over Plaintiff: Defendants Brett DiNovi, Jason Golowski, and Kristen

Holmbeck. (ECF No. 8 ("Am. Compl.") ¶¶ 1–14). Currently before the Court is the Defendants'

Motion to Dismiss the Amended Complaint for failure to state a claim pursuant to Federal Rule of

Civil Procedure 12(b)(6), which we will grant in part and deny in part. Defendants ask us to dismiss

Counts IV, V, and VI as against Defendants DiNovi, Golowski, and Holmbeck. This portion of

the Motion is unopposed and will be **GRANTED**. Defendants also ask us to dismiss Paragraph

116 of the Amended Complaint. For the reasons stated below, that portion of the Motion will be

**DENIED**.

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

    Plaintiff began working for BDA around August 6, 2017. (Am. Compl. ¶ 31). In 2018,

Plaintiff was promoted to Human Resource Generalist, a non-exempt salaried position. (*Id.* ¶ 39).

In this position, Plaintiff assisted with staffing, scheduling, and administering payroll and paid time off, among other duties. (*Id.* ¶ 40). In the course of performing her duties as Human Resource Generalist, Plaintiff noticed that multiple male employees had gone on vacation without submitting vacation requests in violation of BDA policy. (*Id.* ¶¶ 57–58). Plaintiff also learned that her similarly-situated male counterparts earned a significantly greater salary than her. (*Id.* ¶ 59). For example, a male individual who works for BDA as a Compliance Coordinator was hired only a few months prior to Plaintiff and earns $43,000.00 per year more than Plaintiff, despite performing substantially the same duties. (*Id.* ¶¶63–65). Plaintiff also alleges that she was denied a promotion on the basis of her sex. (*Id.* ¶¶ 77–82).

Upon learning of the sex-based pay discrepancy, Plaintiff informed her supervisors that the pay discrepancy constituted gender discrimination. (*Id.* ¶¶ 66–67). Plaintiff also filed a charge of sex-based discrimination with the Equal Employment Opportunity Commission (EEOC). (*Id.* ¶¶ 68–72, 88–89). Plaintiff alleges she faced retaliation from BDA due to her complaints about sex-based discrimination, leading to her ultimate termination from the company around June 6, 2022. (*Id.* ¶¶ 103–09).

Plaintiff initiated the instant action on October 26, 2022, and filed the operative Amended Complaint on February 6, 2023. The thirteen causes of action in the Amended Complaint arise under Title VII of the Civil Rights Act of 1964, New Jersey Law Against Discrimination (NJLAD), Equal Pay Act, Fair Labor Standards Act, New Jersey Wage Hour Law, New Jersey Wage Payment Law, and New Jersey Wage Theft Act. Defendants filed their Motion to Dismiss on February 21, 2023. First, Defendants ask us to dismiss Counts IV, V, and VI against the individual defendants because they are not "employers" and cannot be held liable under the NJLAD except as "aiders and abettors." (ECF No. 10 ("MTD") at 1). Plaintiff agrees and does not oppose that motion. (ECF

2

No. 12 ("Pl. Br.") at 1 n.1). Because we agree that the individual Defendants cannot be held liable as employers under the NJLAD, see *Tarr v. Ciasulli*, 181 N.J. 70, 83 (2004) ("[A]n individual supervisor is not defined as an 'employer' under the LAD."), we will grant that portion of the Motion to Dismiss.

Next, the Motion asks us to dismiss Plaintiff's allegation at Paragraph 116 of the Complaint, which states: "Defendants have exhibited a pattern and practice of not only discrimination but also retaliation." Paragraph 116 is part of the Amended Complaint's "Material Facts" section and there is no "pattern and practice" cause of action in any of the thirteen counts brought against Defendants. Nonetheless, Defendants argue we must dismiss the allegation in Paragraph 116 because it is an improper "pattern or practice" cause of action. (MTD at 1).

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. The rule "is designed to screen out cases where a complaint states a claim based upon a wrong for which there is clearly no remedy, or a claim which the plaintiff is without right or power to assert and for which no relief could possibly be granted." *Port Authority of N.Y. & N.J. v. Arcadian Corp.*, 189 F.3d 305, 312 (3d Cir. 1999). When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). A complaint survives a motion to dismiss if it contains enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has factual plausibility when a plaintiff pleads factual content that allows the

3

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (citing *Twombly*, 550 U.S. at 556).

## III.   DISCUSSION

A pattern or practice cause of action under Title VII is generally not available to private individual plaintiffs. Section 707 of Title VII authorizes the EEOC to bring an action against an employer alleged to have engaged in a "pattern or practice" of discrimination. 42 U.S.C. § 2000e-6(a); see also *International Brotherhood of Teamsters v. United States* ("*Teamsters*"), 431 U.S. 324, 328 n.1 (1977). The Supreme Court established an evidentiary method to be used in these types of actions brought by the EEOC, called the "*Teamsters* framework," which is "a two-stage method of proof . . . for adjudicating pattern-or-practice claims brought under Title VII of the Civil Rights Act of 1964[.]" *Hohider v. United Parcel Service, Inc.*, 574 F.3d 169, 173–74 (3d Cir. 2009). Under the *Teamsters* framework, the EEOC must first show that the discrimination at issue was "the company's standard operating procedure . . . rather than the unusual practice." *Teamsters*, 531 U.S. at 336. Once the EEOC meets this requirement, the burden then shifts to the defendant-employer to "defeat the prima facie showing of a pattern or practice by demonstrating that the Government's proof is either inaccurate or insignificant." *Id.* at 361. Courts also apply the *Teamsters* framework in private-plaintiff Title VII class actions, in which evidence of a pattern or practice of discrimination creates a "presumption that [individual class members] were actual victims of the discriminatory policy[.]" *Gavalik v. Continental Can Co.*, 812 F.2d 834, 860 (3d Cir. 1987).

Defendants argue we must dismiss Paragraph 116 from the Amended Complaint because it asserts a pattern or practice cause of action, which may only be brought by the EEOC or as part of a class action. (MTD at 14 (citing *Chin v. Port Authority of New York and New Jersey*, 685 F.3d

4

135, 149–50 (2d Cir. 2012)). Therefore, according to Defendants, Paragraph 116 states "a claim which the plaintiff is without right or power to assert." *Port Authority*, 189 F.3d at 312. Defendants' belief that Paragraph 116 asserts a pattern or practice cause of action is incorrect. The paragraph is located in the Amended Complaint's "Material Facts" section and is therefore a "factual averment," not a standalone claim. *See Conrey v. IBM*, 2018 WL 11473347, at *3 (D.N.J. 2018). Further, "[n]owhere in Plaintiff's thirteen-count First Amended Complaint does Plaintiff include a separate cause of action for pattern and practice discrimination or retaliation." (Pl. Br. at 6). Plaintiff is permitted to allege, as a factual averment in support of her claims of discrimination, that Defendants engaged in a pattern of discrimination. See *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 805–06 (1973) (an employer's "general pattern of discrimination" may be relevant to an individual plaintiff's showing of pretext in a Title VII discrimination case); *Conrey*, 2018 WL 11473347, at *2 ("Plaintiff may allege facts regarding the existence of a pattern or practice of [] discrimination in support of her claims regardless of whether a pattern or practice claim may be brought."); *Roberson v. Post Commercial Real Estate LLC*, 2015 WL 2118158, at *3 (E.D. Pa. May 1, 2015) ("Individual plaintiffs may allege the existence of a 'pattern or practice' of discrimination when they do so to support claims of . . . discrimination under Title VII.").

Paragraph 116 of Plaintiff's Amended Complaint does not assert a "pattern or practice" cause of action. The paragraph simply alleges, as part of a statement of "Material Facts" in support of Plaintiff's claims, that Defendants have engaged in a pattern of discrimination. Because Defendants have failed to show that Paragraph 116 asserts "a claim which the plaintiff is without right or power to assert," their motion to dismiss it must be denied. *Port Authority*, 189 F.3d at 312.

**IV.    CONCLUSION**

For the reasons expressed above, Defendants' Motion to Dismiss Counts IV, V, and VI as to Defendants Brett DiNovi, Jason Golowski, and Kristen Holmbeck only is **GRANTED**. Defendants' Motion to Dismiss Paragraph 116 of the Amended Complaint is **DENIED**. An Order follows.

Dated:  6/14/2023                            s/ Robert B. Kugler
                                             ROBERT B. KUGLER
                                             United States District Judge