# EXHIBIT 2

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is entered into and effective this __8th___ day of _Ocotber___, 2024 ("Effective Date"), by and between Brett DiNovi and Associates, LLC ("BDA"); Brett DiNovi; Jason Golowski; and Kristen Holmbeck, and their past and present employees, shareholders, stockholders, owners, officers, members, board members, directors, officials, executives, administrators, managers, representatives, departments, divisions, bureaus, agencies, offices, subsidiaries, affiliates, successors, predecessors, agents and assigns (collectively, "Defendants"), and Sarah Lewis ("Plaintiff").

WHEREAS, on or about April 29, 2022, Plaintiff filed a Charge of Discrimination (Charge No. 530-2022-00201) with the Equal Employment Opportunity Commission ("EEOC") against Brett DiNovi and Associates ("4/29/22 Charge of Discrimination");

WHEREAS, on or about August 30, 2022, Plaintiff filed a second Charge of Discrimination (Charge No. 530-2022-06714) with the Equal Employment Opportunity Commission ("EEOC") against Brett DiNovi and Associates ("8/30/22 Charge of Discrimination");

WHEREAS, on or about October 26, 2022, Plaintiff filed a Complaint against Defendants in the United States District Court of New Jersey entitled Sarah Lewis ~~Cash DiNuzzo~~ v. Brett DiNovi and Associates, LLC; Brett DiNovi; Jason Golowski; and Kristen Holmbeck (Case No. 1:22-cv-06275)("Complaint");

WHEREAS, on or about February 6, 2023, Plaintiff filed an Amended Complaint against Defendants in the United States District Court of New Jersey entitled Sarah Lewis ~~Cash DiNuzzo~~ v. Brett

1

DiNovi and Associates, LLC; Brett DiNovi; Jason Golowski; and Kristen Holmbeck (Case No. 1:22-cv-06275)("Amended Complaint");

WHEREAS, the 4/29/22 Charge of Discrimination, the 8/30/22 Charge of Discrimination, the Complaint and the Amended Complaint shall be collectively referenced herein as the "Action";

WHEREAS, Defendants do not admit liability or any wrongdoing of any kind by themselves, their present or former departments, officers, directors, agents, representatives, and past and present employees through and by this Agreement, and Defendants continue to deny liability, and are taking this action solely as a matter of a business judgment and financial considerations and to avoid the costs of litigation and defense of this matter;

WHEREAS, Plaintiffs and Defendants have determined, under all of the circumstances, that it is in their best interest to resolve the matter amicably, thereby concluding all claims and litigation;

WHEREAS, the parties in good faith have negotiated concerning this matter with the assistance of counsel and have a desire to settle this matter in an efficient and amicable way. The parties enter into this Agreement in order to reach a compromise to fully and finally resolve the Action;

WHEREAS, the parties will be simultaneously entering into a separate Settlement Agreement for the settlement of Plaintiff's claim arising under the federal Fair Labor Standards Act, 29 U.S.C. §201 et seq. (the "FLSA Claim"), which will be submitted to the Court for review and approval, and the parties' mutual intent is to settle all claims alleged in the Action;

NOW, THEREFORE, based upon the foregoing, Plaintiff and Defendants, agree as follows:

2

1. **DISMISSAL**

Upon execution of this Agreement, Plaintiff agrees to dismiss the Action in its entirety with prejudice and execute all necessary documents including a Stipulation of Dismissal with Prejudice.

2. **SETTLEMENT AMOUNT**

A.  In exchange for the promises, releases and other terms herein, within sixty (60) days of the Effective Date of this Agreement, Defendants, in conjunction with their insurance carrier, shall pay to Plaintiff, and her attorney, the aggregate amount of ███████████ (███████████████ ██████████████████ ("Settlement Amount"), which is allocated as set forth below, and includes claims for counsel fees and costs.

B.  The Settlement Amount shall be paid as stated in this paragraph.  One check in the amount of $███████████████████████████████████ shall be payable to Plaintiff and a 1099-MISC (Box 3) form shall be issued and paid on account of any alleged physical injury and/or emotional distress.  The second check in the amount of $██████████ ██████████████████████████████ shall be payable to the Derek Smith Law Group PLLC and a 1099 form shall be issued.



3. **FULL AND COMPLETE SETTLEMENT AND CONTINGENCY CLAUSE**

A.  The parties agree that the Settlement Amount described herein represents the full and complete amount to be paid in connection with this matter. The parties agree that the Settlement Amount is for all of the claimed damages, including, but not limited to, all attorneys' fees, litigation costs and/or expenses incurred by the parties, with respect to this litigation, and any and all other claims, crossclaims and/or counterclaims which the parties, asserted and/or could have asserted against one another in the Action, the Complaint, the Amended Complaint, the Answers thereto, and/or in the course of discovery in this lawsuit.

3

B.  Notwithstanding the foregoing, and as mentioned in the last Whereas clause above, the parties agree that this Agreement is contingent upon the Court approving the settlement of the FLSA Claim.  The parties will file a joint motion asking the Court to approve the settlement of the FLSA Claim.  This Agreement shall be null and void if the Court does not approve the settlement of the FLSA Claim.

### 4.  REEMPLOYMENT AND REFERENCES

Plaintiff agrees that she will not seek employment or reemployment by the Defendants or their related companies, businesses, agencies, affiliates or subsidiaries.  Defendants agree to provide a letter of reference to Plaintiff in the form described in Exhibit A.  Defendants agree that requests for information regarding Plaintiff's employment at BDA shall be directed to Jason Golowski or the Chief Operating Officer at BDA.  Subject to the following conditions, Jason Golowski and/or the Chief Operating Officer of BDA agree to provide only the information in Exhibit A to respond to any employment inquiries or employment verification requests.  If Defendants receive a subpoena, order or directive from a court or administrative agency requesting additional information regarding Plaintiff, Defendants shall provide written notice of the request to Catherine W. Lowry, Esq., Derek Smith Law Group, 1628 Pine Street, Philadelphia, PA 19103 via email (addressed to catherine@dereksmithlaw.com) and overnight mail within five (5) business days.  Defendants may comply with the subpoena, order or directive unless they receive written notification that compliance has been stayed due to the filing of a motion to quash (or other legal process) or the entry of a superseding order.

### 5.  RELEASES

A.  Except for the 4/29/22 Charge of Discrimination, the 8/30/22 Charge of Discrimination, the Complaint and the Amended Complaint, Plaintiff represents that she has not filed any charges,

4

complaints or claims of any kind against the Defendants in any other court or agency, and will not in the future, underline except as permitted by subparagraph 5C herein.  In exchange for the above consideration, and terms set forth herein, Plaintiff, her heirs and assigns hereby irrevocably and unconditionally waive, release and forever discharge any and all claims or rights, past, present and future, whether known or unknown, which she has or may have against Defendants, their past and present, officers, agents, attorneys, representatives, and employees, personally and officially, as well as their successors, and assigns, including, but not limited to any and all claims for attorneys' fees, back pay or front pay, stipends, wage and hour claims, benefits, vacation days, sick days, personal days, any claims for emotional distress or pain and suffering, any claims for physical injury or per quod damages, torts, breach of contract, violation of employment manual and handbook, any and all claims involving tax liability stemming from this Agreement, and any and all claims arising under any federal, state or local ordinance, regulation or law including, but not limited to, the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, the Civil Rights Act of 1991, Title VII of the Civil Rights Act of 1964, the Civil Rights Acts of 1866 and 1871 (42 U.S.C. §1983), the federal Family and Medical Leave Act, the federal Equal Pay Act (29 U.S.C. §206), the Employee Retirement Income Security Act, the Occupational Health and Safety Act, the Health Insurance Portability and Accountability Act, the Workers Adjustment and Retraining Notification Act, the Affordable Care Act, the Genetic Information Nondiscrimination Act, the United States Constitution, the New Jersey Constitution, the New Jersey Law Against Discrimination (N.J.S.A. 10:5-1 et seq.), the New Jersey Prevailing Wage Act, the New Jersey Wage and Hour Law (N.J.S.A. 34:11-56a et seq.), the New Jersey Wage Payment Law (N.J.S.A. 34:11-4.1 et seq.), the New Jersey Wage Theft Act, the Temporary Disability Benefits Law (N.J.S.A. 43:21-25 et seq.), the New Jersey Conscientious Employee Protection Act

5

(N.J.S.A. 34:19-1 et seq.), the New Jersey Civil Rights Act (N.J.S.A. 10:6-1 et seq.), the New Jersey Family Leave Act, the N.J. Equal Pay Act (N.J.S.A. 34:11-56.1), the Diane B. Allen Equal Pay Act, all New Jersey wage and hour laws and regulations (including N.J.S.A. 34:11-56(a) et seq. and N.J.S.A. 34:11-4.1 et seq.), N.J.S.A. 2C:40A-2, N.J.S.A. 34:11-4.10(c), the New Jersey Family Insurance Law, the New Jersey Worker Freedom from Employer Intimidation Act, the New Jersey Security and Financial Employment Act, the New Jersey Equal Pay Act, the New Jersey Paid Sick Leave Act, including all amendments to the foregoing laws and accompanying regulations, and all other federal, state and local statutes, ordinances and regulations.

B.  This Release also includes all federal, state and local law claims, whether statutory, constitutional or common law, for termination, unlawful discharge, retaliation, harassment, hostile environment, discrimination, aiding and abetting discrimination, demotion, reassignment, equitable relief and remedies, reinstatement, reassignment, breach of contract, breach of company policies, tort and common law claims, wrongful discharge, constructive discharge, tortious interference, wages and compensation, overtime wages, or any other prohibited basis, arising during, out of or related to Plaintiff's employment with Defendants.

C.  This Release does not apply to claims based on facts occurring after the date that Plaintiff signs this Agreement or for the failure of any party to perform under this Agreement.

**6. NON-DISPARAGEMENT**

The parties agree not to defame, disparage or demean each other in any manner whatsoever. "Disparage" refers to any false, negative or derogatory statements, whether oral or written, about the parties, their business practices, reputation or anything that could reasonably be expected to cause damage to their reputation or business interests.

6

## 7. CONFIDENTIALITY

A. Plaintiff agrees not to discuss the terms or existence of this Agreement or any settlement discussions that preceded the date of, or led up to, this Agreement, with anyone other than their immediate family, her attorney and her financial advisor, except as may be required by law.

B. <u>Confidentiality Regarding Discrimination, Harassment and Retaliation Claims</u>.  The parties agree as follows:

ALTHOUGH THE PARTIES HAVE AGREED TO KEEP THE SETTLEMENT AND UNDERLYING FACTS CONFIDENTIAL, SUCH A PROVISION IN AN AGREEMENT IS UNENFORCEABLE AGAINST THE DEFENDANTS IF PLAINTIFF PUBLICLY REVEALS SUFFICIENT DETAILS OF THE CLAIM SO THAT DEFENDANTS OR ANY RELEASED PARTY IS REASONABLY IDENTIFIABLE.[1]

If subpoenaed for any litigation or administrative action related to Defendants, Plaintiff agrees to provide notice within five (5) business days of receipt of a subpoena by sending such notice via electronic mail and overnight mail, addressed to the following:

> Sandro Polledri, Esq.
> Weiner Law Group, LLP
> 629 Parsippany Road
> Parsippany, New Jersey 07054
> Tel:  (973) 403-1100
> Email:  spolledri@weiner.law
>
> Brett DiNovi
> Brett DiNovi and Associates
> 3000 Atrium Way
> Mount Laurel, NJ  08054
> Tel: (609) 200-0123
> Email: Brett@brettdassociates.com

---

[1] Plaintiff understands that the bold language is required by N.J.S.A. 10:5-12.8.

## 8. TAX IMPLICATIONS

The Plaintiff assumes all responsibilities and liabilities for any and all taxes, including penalties, interest and fines that may be imposed by any taxing authorities on any portion of the Settlement Amount. Plaintiff agrees to release, hold harmless and indemnify Defendants from all responsibilities and liabilities for any taxes, including fines, penalties and interest, if any, that may be imposed on Plaintiff by any taxing authority on any portion of the Settlement Amount. In no circumstances will the Defendants have any responsibilities or liabilities for any taxes that may be imposed on Plaintiff as a result of the Settlement Amount. All such responsibilities and liabilities rest solely with Plaintiff.

## 9. NO ADMISSION OF LIABILITY

This Agreement shall not be construed as an admission by Defendants of any liability and Plaintiff agrees that this Agreement may not be introduced as evidence in any matter, other than an action to enforce the terms of this Agreement. Defendants expressly deny any violation of federal, state or local law, statute or ordinance, or any other violation, and deny any liability whatsoever to Plaintiff.

## 10. MEDICARE

Plaintiff warrants that she is not a Medicare beneficiary as of the date of this Agreement and therefore no conditional payments have been made by Medicare to her. Plaintiff will indemnify, defend and hold harmless the Defendants from any and all claims, liens, Medicare conditional payments and rights to payment, known or unknown. This settlement is based upon a good faith determination of the parties to resolve a disputed claim. The parties have not shifted responsibility of medical treatment to Medicare in contravention of 42 U.S.C. §1395y(b). The parties have resolved this matter in compliance with both state and federal law. The parties made

8

every effort to adequately protect Medicare's interest and incorporate such into the settlement terms.

### 11. CHILD SUPPORT SEARCH

Plaintiff will provide Defendants with a certification and child support judgment search compliant with N.J.S.A. 2A:17-56.23 and agree that the settlement proceeds under this Agreement shall be paid in accordance with the foregoing statute and other applicable law.

### 12. SEVERABILITY

If any provision of this Agreement, or the application thereof, is held invalid, such invalidity shall not affect other provisions or applications and, to this end, the provisions of this Agreement are declared to be severable.

### 13. ASSENT TO TERMS AND SIGNATURES

The parties hereby acknowledge that they are entering into this Agreement with a full understanding of their rights and they were fully informed of the implications of this Agreement, given the opportunity to consult with an attorney of their choice, and enter into this Agreement without duress and of their own free will and volition. The parties agree that electronic signatures will be accepted if security measures are taken to ensure that they are authentic and valid. This Agreement may be signed in counterparts.

### 14. SUCCESSORS AND ASSIGNS

This Agreement shall be binding upon and shall inure to the benefit of the parties and their respective successors and assigns.

### 15. REVOCATION PERIOD

Plaintiff acknowledges that she was given the opportunity to fully consider this Agreement for a period up to twenty-one (21) days and given seven (7) days from execution of this Agreement

9

to revoke this Agreement by delivering written notification to: Sandro Polledri, Esq., Weiner Law Group, 629 Parsippany Road, Parsippany, NJ 07054. It is understood that if this Agreement is revoked, it will not be effective or enforceable and Plaintiff will not be entitled to the entire consideration described herein. Plaintiff, however, has voluntarily agreed to waive the twenty-one (21) day period and the seven (7) day revocation period.

### 16. GOVERNING LAW

This Agreement is made and entered into in the State of New Jersey and shall, in all respects, be interpreted, enforced and governed under the laws of this State. The venue for any action to enforce this Agreement shall be in the Superior Court of New Jersey (Burlington County).

### 17. ENTIRE AGREEMENT

The parties acknowledge that this Agreement represents their entire agreement and understanding related to the settlement of this matter and release of claims. No other promises or agreements have been made. This Agreement may only be modified by way of a writing that is signed by all parties.

**IN WITNESS WHEREOF**, the parties hereto have signed this Agreement on the dates set forth below.

Witness/Attest

_____          By: _____
Sarah Lewis

Dated: 11/10/2024 _____

<Additional Signatures to Follow on Next Page>

10

Brett DiNovi and Associates LLC

By: _____

Dated: __10/22/2024__

_____
Brett DiNovi

Dated: __10/22/2024_____

_____
Jason Golowski

Dated: _____

_____
Kristen Holmbeck

Dated: _____

Witness/Attest

_____

Witness/Attest

By: _____

Witness/Attest

By: _____

Witness/Attest

By: _____

11

Brett DiNovi and Associates LLC                Witness/Attest

By: _____              _____

Dated: _____

                                                Witness/Attest

_____          By: _____
Brett DiNovi

Dated: __10/22/24_____

_____          Witness/Attest
Jason Golowski                            By: _____

Dated: __10/23/24_____

                                                Witness/Attest
_____          By: _____
Kristen Holmbeck

Dated: __10/23/24_____

11

Exhibit A

(On BDA Letterhead)

November ___, 2024

Sarah Lewis
(current home address)

      Re:    Letter of Reference

Dear Ms. Lewis:

      This shall confirm that you were employed by Brett DiNovi and Associates LLC as follows:

- September 2017 to September 2018:  Clinical Associate.

- September 2018 – January 2022:  Human Resources Generalist/Clinical Associate.

- February 2022 – June 2022:  Human Resources Manager/Clinical Associate.

Thank you.

                  Very truly yours,

                  Lisa Riley, SHRM-CP
                  Vice President of Human Resources
                  for Pennsylvania and New Jersey

5083682 (10.1.24)

12